**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| YOLANDA MAYS, *in her individual capacity and as Trustee for the heirs and next of kin of Tommy Holmes*, | Case No. 24-cv-1736 (LMP/ECW) |
| Plaintiff, | |
| v. | **ORDER AFFIRMING MAGISTRATE JUDGE ORDER** |
| ANDREW WILLIAM SCHROEDER, *in his individual capacity*; MARK JOSEPH SUCHTA, *in his individual capacity*; ALAN DOUGLAS SALVOSA, *in his individual capacity*; and CITY OF MINNEAPOLIS, | |
| Defendants. | |

Eric A. Rice, **Law Office of Eric A. Rice, LLC, St. Paul, MN**, for Plaintiff.

Jason M. Hiveley and Ashley Marie Ramstad, **Iverson Reuvers, Bloomington, MN**, for Defendant Alan Douglas Salvosa.

Plaintiff Yolanda Mays brought this action against Andrew William Schroeder and Mark Joseph Suchta (two sergeants with the Minneapolis Police Department); Alan Douglas Salvosa (an officer of the Brooklyn Center Police Department); and the City of Minneapolis (the "City"), alleging violations of her Fourth Amendment rights during a search of her home. During the course of this litigation, Mays learned that footage from Officer Salvosa's body-worn camera had been deleted pursuant to the Brooklyn Center Police Department's retention policy. Mays accordingly brought a motion for discovery sanctions against Officer Salvosa pursuant to Federal Rule of Civil Procedure 37(e). ECF

1

No. 34.  After holding a hearing on the motion and receiving supplemental briefing, United States Magistrate Judge Elizabeth Cowan Wright granted Mays's motion in part and ordered Officer Salvosa to reimburse Mays for the attorney's fees and costs incurred because of the discovery and motion practice she conducted regarding the loss of Officer Salvosa's body-worn camera footage.  ECF No. 102.  Officer Salvosa filed objections to Magistrate Judge Wright's order and seeks review by the undersigned United States District Judge pursuant to Federal Rule of Civil Procedure 72(a) and this District's Local Rule 72.2(a).  ECF No. 105.  Finding no clear error in Magistrate Judge Wright's thorough order, the Court affirms the order and overrules Officer Salvosa's objections.

## BACKGROUND[1]

In a nutshell, Mays alleged that Sergeant Suchta, Sergeant Schroeder, and Officer Salvosa forced entry into her house in violation of the Fourth Amendment.  ECF No. 54 ¶¶ 78–80.  Defendants argue that exigent circumstances justified their entry because they saw what they thought was an infant in distress inside the home; the purported infant turned out to be a doll.  *See* ECF No. 68 at 17–26; ECF No. 71 at 7–12.  Mays disputes that sufficient exigent circumstances existed.  ECF No. 95 at 18–21; ECF No. 97 at 6–7.

One of the arguments that Mays made supporting her case against Officer Salvosa is that he knew that Sergeants Suchta and Schroeder had been looking at the doll for approximately 10 minutes when he arrived at Mays's home.  ECF No. 36 at 11; ECF No. 97

---

[1]    The factual background of this case is detailed in the Court's contemporaneously filed summary-judgment order, so the Court incorporates that factual background here and discusses only the facts necessary to resolve Officer Salvosa's objections.

at 6. Body-worn camera captured Sergeant Schroeder telling Officer Salvosa to "look at" the infant, as he and Sergeant Suchta had been looking at it for ten minutes. ECF No. 76 at 5:17–5:24. But Officer Salvosa stated in his deposition that he did not know that Sergeants Suchta and Schroeder had been looking at the doll for approximately 10 minutes when he arrived at the scene. ECF No. 45-1 at 46:2–7. He acknowledged, however, that had he known that fact, the situation he encountered "probably would have been less of an emergency." *Id.* at 46:8–14.

As discovery unfolded in this case, Mays learned that Officer Salvosa's body-worn camera was activated during his response to Mays's home but that the footage had been deleted pursuant to the Brooklyn Center Police Department's retention policy. ECF No. 37 ¶ 4. Mays consequently brought a motion for discovery sanctions against Officer Salvosa pursuant to Federal Rule of Civil Procedure 37(e). ECF No. 34. As a remedy, Mays requested both an adverse inference against Officer Salvosa and attorney's fees and costs. ECF No. 36 at 10–12.

After holding a hearing on the motion and soliciting supplemental briefing, Magistrate Judge Wright issued an order granting Mays's motion in part. ECF No. 102. Magistrate Judge Wright concluded that Officer Salvosa's body-worn camera footage should have been preserved in anticipation of litigation, the footage was lost because the responsible parties did not take reasonable steps to preserve it, and that the footage could not be restored or replaced through additional discovery. *Id.* at 11–20. Magistrate Judge Wright granted Mays's request for attorney's fees and costs under Rule 37(e)(1), finding that Mays was prejudiced by the deletion of Officer Salvosa's body-worn camera footage.

*Id.* at 30–35.  Magistrate Judge Wright denied Mays's request for an adverse inference under Rule 37(e)(2), however, concluding that there was insufficient evidence demonstrating an intent to deprive another party of the use of Officer Salvosa's body-worn camera footage in this litigation.[2]  *Id.* at 21–30.

Officer Salvosa timely objected to Magistrate Judge Wright's order.  ECF No. 5.  Officer Salvosa does not challenge Magistrate Judge Wright's well-supported findings that his body-worn camera footage should have been preserved in anticipation of litigation, that the footage was lost because the responsible parties did not take reasonable steps to preserve it, and that the footage could not be restored or replaced through additional discovery.  Rather, Officer Salvosa raises only two objections: (1) Mays did not request sanctions under Rule 37(e)(1); and (2) the deletion of Officer Salvosa's body-worn camera footage did not prejudice Mays.  *See id.*  Mays filed a timely response to Officer Salvosa's objections.  ECF No. 109.

## ANALYSIS

A district court's review of a magistrate judge's ruling on a nondispositive matter is "extremely deferential."  *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citation omitted).  A district judge nevertheless must "modify or set aside any part of" a

---

[2]    The Court agrees with Magistrate Judge Wright that there is insufficient evidence of intent to deprive Mays of Officer Salvosa's body-worn camera footage.  But the record is troubling because what Officer Salvosa heard and saw is a key issue in the case.  Whether the inconsistent retention of body-worn camera footage stemmed from ignorance, confusion, or a misunderstanding of the applicable policies, the Court shares in Magistrate Judge Wright's assessment that whatever the reason, such conduct cannot be tolerated. ECF No. 102 at 29 n.8.

magistrate judge's order to which a party files "timely objections" that "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed," and is contrary to law when it "either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons*, 268 F. Supp. 3d at 991 (citations omitted).

## I.      Whether Mays Sought Sanctions Under Rule 37(e)(1)

Officer Salvosa's first objection is a procedural one: he argues that Mays never requested sanctions under Rule 37(e)(1), so Magistrate Judge Wright's order granting sanctions under that rule was procedurally improper. ECF No. 105 at 6. That argument is belied by Mays's briefing before Magistrate Judge Wright, which referenced both Rule 37(e)(1) and Rule 37(e)(2). ECF No. 36 at 4. Mays's briefing also focused on the prejudice she faced from deletion of the body-worn camera footage, ECF No. 36 at 10–11, which is relevant to sanctions under Rule 37(e)(1), but *not* Rule 37(e)(2), *see* Fed. R. Civ. P. 37(e)(1) (permitting sanctions "upon finding prejudice to another party from loss of the information"); Fed. R. Civ. P. 37(e)(2) advisory committee's note to 2015 amendments (explaining that Rule 37(e)(2) "does not include a requirement that the court find prejudice to the party deprived of the information"). Mays's motion plainly invoked Rule 37(e)(1), so it was not error for Magistrate Judge Wright to grant sanctions on that basis.

## II.      Whether Mays Was Prejudiced by Loss of the Body-Worn Camera Footage

Officer Salvosa next objects to Magistrate Judge Wright's conclusion that Mays was prejudiced by loss of the body-worn camera footage. ECF No. 105 at 6–9. Sanctions may

be awarded under Rule 37(e)(1) "upon finding prejudice to another party from loss of the information." Prejudice likely exists from lost information "if the lost or missing evidence would be different or more helpful to the party claiming spoliation than the evidence already in existence," but prejudice does not exist "when there is no support for the speculation that the lost evidence would have affected the litigation." *Sandoval v. Dustar Express, Inc.*, No. 24-cv-2601 (SRN/SGE), 2026 WL 880396, at *11 (D. Minn. Mar. 31, 2026) (citation omitted). Lost evidence "need not amount to the proverbial smoking gun before its loss can be deemed prejudicial." *Vogt v. MEnD Corr. Care, PLLC*, No. 21-cv-1055 (WMW/TNL), 2023 WL 2414551, at *11 (D. Minn. Jan. 30, 2023) (citing *Stevenson v. Union Pac. R. R. Co.*, 354 F.3d 739, 748 (8th Cir. 2004)).

Magistrate Judge Wright concluded that whether Officer Salvosa heard Sergeant Schroeder's statement that Sergeants Schroeder and Suchta had been looking at the doll for 10 minutes was "highly relevant to this case." ECF No. 102 at 31. Officer Salvosa protests that this fact is not "dispositive" of whether exigent circumstances justified entering Mays's home. ECF No. 105 at 6–7. As an initial matter, lost evidence need not be dispositive to constitute prejudice. *See Vogt*, 2023 WL 2414551, at *11. Putting that aside, the Court agrees with Magistrate Judge Wright: even Officer Salvosa testified during his deposition that had he heard Sergeant Schroeder's statement, he would have considered the situation he faced "less of an emergency." *Id.* at 46:8–14. That fact, therefore, is clearly relevant to whether Officer Salvosa's claim of exigent circumstances is reasonable. And although it is true that whether Sergeant Schroeder's statement was picked up on Officer Salvosa's body-worn camera would not have definitively proven that he heard the statement, it

6

"would have captured another perspective of the incident in question," which could have raised a genuine factual dispute as to the reasonableness of entering Mays's home. *Vogt*, 2023 WL 2414551, at \*11 (quoting *Culhane v. Wal-Mart Supercenter*, 364 F. Supp. 3d 768, 775 (E.D. Mich. 2019)).

Indeed, as the Court explains in resolving Officer Salvosa's motion for summary judgment, the lack of evidence that Officer Salvosa heard Sergeant Schroeder's statement ultimately proves fatal for Mays's Fourth Amendment claim against Officer Salvosa. Had Officer Salvosa's body-worn camera footage recorded Sergeant Schroeder's statement (and any reaction to that statement by Officer Salvosa), it may have proven more difficult for Officer Salvosa to win summary judgment with his one-sided deposition testimony. Simply put, Mays offers more than mere "speculation" that Officer Salvosa's body-worn camera footage would have been "different or more helpful" to her case. *Sandoval*, 2026 WL 880396, at \*11 (citation omitted).

Officer Salvosa also suggests that Sergeant Suchta's and Schroeder's body-worn camera footage (which was produced in discovery) captured their interactions with Officer Salvosa, so the latter's body-worn camera footage would have been merely cumulative of the Sergeants' body-worn camera footage. ECF No. 105 at 8. But even if lost evidence "is cumulative to some extent, the availability of the same or similar evidence from third parties or other sources does not necessarily demonstrate a lack of prejudice." *Kelley ex rel. BMO Litig. Tr. v. BMO Harris Bank N.A.*, 657 B.R. 475, 492 (D. Minn. 2022). Naturally, the best evidence of what Officer Salvosa heard—besides his deposition testimony (which was taken almost two years after the incident in question)—is an audio

7

recording from his perspective, not the perspective of Sergeant Schroeder, who was standing feet away from Officer Salvosa as he was walking away. ECF No. 76 at 5:17–5:24. Prejudice may be found when the better evidence is the evidence that went missing. *See Dillon v. Nissan Motor Co.*, 986 F.2d 263, 267–68 (8th Cir. 1993) (affirming finding of prejudice when alternative sources of spoliated evidence were not of sufficiently similar quality); *Sandoval*, 2026 WL 880396, at \*11 (citation omitted) (explaining that prejudice may follow when the lost evidence could have been "more helpful to the party claiming spoliation"). Magistrate Judge Wright did not clearly err in finding that the loss of Officer Salvosa's body-worn camera footage prejudiced Mays.

Finding no merit in Officer Salvosa's objections, the Court affirms Magistrate Judge Wright's order.

## CONCLUSION

For these reasons, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Officer Alan Douglas Salvosa's Objections (ECF No. 105) are **OVERRULED**; and

2. U.S. Magistrate Judge Elizabeth Cowan Wright's Order Granting Discovery Sanctions (ECF No. 102) is **AFFIRMED**.

Dated: August 5, 2026                    *s/Laura M. Provinzino*
                                         Laura M. Provinzino
                                         United States District Judge

8