**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Yolanda Mays *in her individual capacity and as Trustee for the heirs and next of kin of Tommy Holmes*,

Plaintiff,

v.

Andrew William Schroeder *acting in his individual capacity*, Mark Joseph Suchta *acting in his individual capacity*, Alan Douglas Salvosa *acting in his individual capacity*, and City of Minneapolis,

Defendants.

Case No. 24-cv-01736 (LMP/ECW)

**ORDER**

---

This matter is before the Court on the parties' Joint Motion for Continued Sealing (Dkt. 103) pursuant to Local Rule 5.6(d) concerning documents filed under seal in connection with the Minneapolis Defendants' Motion for Summary Judgment (Dkt. 67). Defendants seek continued sealing of two Body-Worn Camera ("BWC") videos (Dkts. 76-77) that were filed as exhibits in support of their Motion for Summary Judgment. (Dkt. 103 at 2-6.) Plaintiff opposes continued sealing. (*Id.*)

## I. LEGAL STANDARD

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens

> to evaluate the reasonableness and fairness of judicial proceedings, and to keep a watchful eye on the workings of public agencies. It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citation modified).

"This right of access is not absolute, but requires a weighing of competing interests." *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-CV-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)). According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. . . . The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (citation modified); *see also Architectural BusSTRUT Corp. v. Target Corp.*, No. 19-CV-968 (DSD/ECW), 2021 WL 5992308, at *2 (D. Minn. July 19, 2021). That said, "[a]lthough the court is given . . . supervisory power [over its records], '**only the most compelling reasons can justify non-disclosure of judicial records**.'" *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (emphasis added) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)).

"[A]ll documents properly filed by a litigant seeking a judicial decision are judicial records and are entitled to a presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1044 (D. Minn. 2021). "Modern cases on the common-law right of access say that 'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III

judicial power and resulting value of such information to those monitoring the federal courts.'" *IDT*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). When a document plays only a negligible role in a court's exercise of its Article III duties, such as a complaint that has not been adjudicated, the public's interest in access to the document is weaker and "the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* (quoting *Amodeo*, 71 F.3d at 1050). In contrast, documents filed in support or opposition of a dispositive motion are integrally involved in the resolution of the merits of a case, and parties seeking sealing of such documents have a heightened burden to overcome the presumptive right of access to such filings. *Shapco Printing, Inc. v. MKM Importers, Inc.*, No. 021CV2155PAMECW, 2021 WL 4846365, at *2 (D. Minn. Oct. 18, 2021) (citing *Krueger v. Ameriprise Fin., Inc.*, No. CV 11-2781 (SRN/JSM), 2014 WL 12597948, at *8-9 (D. Minn. Oct. 14, 2014), *aff'd*, 2015 WL 224705 (D. Minn. Jan. 15, 2015); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. 632, 636 (D. Minn. 2007)).

## II. ANALYSIS

The Court begins by considering the role of the BWC videos in the Court's exercise of its duties. *See IDT*, 709 F.3d at 1224. Here, the documents at issue were filed as exhibits to the Declaration of J. Haynes Hansen in support of Defendants' Motion for Summary Judgment. (*See* Dkts. 73, 76, 77.) These videos, which captured the events giving rise to this lawsuit, were heavily relied upon by the Court in its Order on the parties' Motions for Summary Judgment. (*See generally* Dkt. 110.) Accordingly, these

documents are "integrally involved" in the resolution of the merits of this case, and Defendants have "a heightened burden to overcome the presumptive right of the public to access" these documents. *Shapco Printing*, 2021 WL 4846365, at *2 (citation modified).

Defendants argue that continued sealing is justified in this case because "[u]nder Minn. Stat. § 13.825, body-worn camera footage is generally nonpublic. No exceptions under the statute apply to make this document public. In addition, this document shows the faces of uninvolved, non-law enforcement bystanders." (Dkt. 103 at 2-5.) Plaintiff argues that:

> Minnesota government data laws do not provide a legal basis for sealing filed documents in federal court. The substance of the recordings do not contain confidential information. The activities of law enforcement officers are matters of public concern. The recording is used in connection with a dispositive motion and there is a presumptive right for the public to see evidence supporting a decision on the merits of the claims of this lawsuit. Non-law enforcement third-parties can be redacted without issue if their privacy or identity is deemed nonpublic.

(*Id.* at 3-6.)

As an initial matter, Minn. Stat. § 13.825 does not govern federal court's determinations as to what judicial records may be filed under seal. This statute is part of the Minnesota Government Data Practices Act ("MGDPA"), Minn. Stat. § 13.01 et seq., which "regulates the collection, creation, storage, maintenance, dissemination, and access to government data in [state] government entities. Minn. Stat. § 13.01, subd. 3; *see also* Minn Stat. § 13.02, subd. 7a (defining government entity as "a state agency, statewide system, or political subdivision"). Section 13.825 governs when BWC footage is public within the meaning of the MGDPA. Minn. Stat. § 13.825, subd. 1. Whether data is

classified as public under the MGDPA determines how state government entities must treat the information. *See, e.g.* Minn. Stat. § 13.03. The MGDPA does not govern records of the state judiciary, let alone the federal judiciary. *See* Minn. Stat. § 13.90, subd. 2 ("The judiciary is not governed by this chapter. Access to data of the judiciary is governed by rules adopted by the supreme court."); *see also Kasso v. City of Minneapolis*, No. 23-CV-2782 (KMM/TNL), 2024 WL 4635316, at *2 (D. Minn. Oct. 31, 2024) ("Moreover, even if such information is considered private under the MGDPA, the Act expressly contemplates that otherwise private information may be released in connection with judicial proceedings. *Id.* § 13.43, subd. 4 (2022). In addition, such a statutory classification does not automatically merit an order sealing judicial proceedings.") (citation omitted); *see also Pyron v. Gandhi*, No. 25-CV-1059 (KMM/DJF), 2025 WL 3764850, at *2 (D. Minn. Dec. 30, 2025) (concluding the same).

Here, the City of Minneapolis has filed the BWC videos in connection with a dispositive motion in federal court. (*See* Dkts. 73, 76-77.) Under federal law, "only the most compelling reasons can justify non-disclosure of judicial records." *In re Neal*, 461 F.3d at 1053 (citation modified). The Court concludes that Defendants' reference to the MGDPA does not meet the heightened burden required to justify non-disclosure of judicial records filed in connection with a dispositive motion. *See Shapco Printing*, 2021 WL 4846365, at *2.

The Court has carefully considered the privacy interests implicated by unsealing these videos. Importantly, Plaintiff, whose home is shown in the videos, and who is the Trustee for the heirs and next of kin of Tommy Holmes, who appears in the videos, seeks

public disclosure of the videos.[1] As to the non-law enforcement bystanders, the Court has carefully reviewed the video footage and finds that any interests of such persons in sealing of the documents does not outweigh the public's interest in reviewing the footage. However, Defendants may, if practicable, file redacted versions of the BWC videos that blur or distort only the non-law enforcement third parties who appear in the footage.

## III. ORDER

Based on the motions and the documents filed under seal, as well as all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Joint Motion for Continued Sealing (Dkt. 103) is **DENIED**; and

2. Docket Entries 76 and 77 are **UNSEALED** in accordance with the Local Rules.

Dated: September 4, 2026

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

[1] While the Court reaches no conclusion as to the proper characterization of the BWC videos under the MGDPA, the Court notes that under Minn. Stat. § 13.825, subd. 2(2), BWC footage is public "if a subject of the data requests it be made accessible to the public." Minn. Stat. § 13.825, subd. 2(2).